IN THE UNITED STATES DISTRICT COURT
FOR THE EASTRRN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY G. RUHL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, COMMISSIONER | : | |
| OF SOCIAL SECURITY, et al. | : | NO. 14-466 |

**MEMORANDUM**

**L. Felipe Restrepo, U.S. District Judge**                            **August 18, 2015**

**I.   BACKGROUND**

Plaintiff Terry Ruhl ("Plaintiff") filed this action, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") to deny his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. This matter was referred to Magistrate Judge Linda Caracappa for a Report and Recommendation ("R&R"); in the R&R, Judge Caracappa recommends that the Commissioner's decision denying benefits be affirmed, and judgment be entered in favor of the Commissioner. For the reasons that follow, the Court approves and adopts Judge Caracappa's R&R.

**II.   LEGAL STANDARDS**

The Court's review of the Commissioner's final decision is limited; the Court is bound by the findings of fact of the Commissioner if they are supported by substantial evidence.[1] *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 118 (3d Cir. 2000); *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to

---

[1] The Court exercises plenary review over all legal issues. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).

support a conclusion.'" *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "It is more than a mere scintilla of evidence, but it may be less than a preponderance." *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1998).

If substantial evidence exists in the record to support the ALJ's factual findings, the district court must accept them, even if the Court may have found different facts. *See Hartranft*, 181 F.3d at 360. The district court is not permitted to re-weigh the evidence of record and come to its own conclusions. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998); *see also Notobartolo v. Astrue*, 2007 WL 4443245, at *6 n.89 (E.D. Pa. Dec. 18, 2007) (stating "the Court's obligation . . . is not to re-weigh the record evidence to determine whether alternative findings to those actually made by the ALJ might be 'supported;' it is to assess whether the ALJ reached findings supported by substantial evidence in a fashion comporting with the governing law.")

Where a party lodges a specific objection to a portion of an R&R by a United States Magistrate Judge, the district court need only review *de novo* those issues raised in the objection. 28 U.S.C. § 636(b)(1); *see also Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). On *de novo* review, the district court may "accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the R&R. 28 U.S.C. § 636(b)(1). The district court may also, in the exercise of sound judicial discretion, rely on the Magistrate Judge's R&R. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980).

### III. DISCUSSION

Plaintiff makes four objections to the R&R, which track closely the issues raised in his request for review. Specifically, Plaintiff argues that Judge Caracappa erred when she: (1) concluded that the Administrative Law Judge ("ALJ") had followed "correct legal standards

when the ALJ did not evaluate or give weight to the opinion of the treating psychiatrist, Dr. Putnam"; (2) found "support in the evidence for the ALJ's assignment of more weight to non-treating sources than treating sources"; (3) determined that the evidence submitted to the Appeals Council – which was not submitted to the ALJ – was "repetitive of the evidence before the ALJ and therefore not 'new'"; and (4) made a credibility analysis that was "inconsistent with Third Circuit authority."  Pl.'s Br. (Doc. 17) 1, 3, 7-8.

### a. Mentioning treating physician by name

In his first objection, Plaintiff argues that Judge Caracappa erred by concluding, without citing to any legal authority, that the ALJ adequately discussed treatment records from Plaintiff's treating psychiatrist, Dr. Mark Putnam.  *Id.* at 2.  Plaintiff contends that because the ALJ did not mention Dr. Putnam by name, he could not have evaluated and weighed Dr. Putnam's opinions as required by the relevant regulations.  *See id.* ("The mention of evidence without attribution to its source is not evaluating and giving weight to an opinion as required, and Judge Caracappa has cited to no authority for the standard [s]he applied.").  Plaintiff, however, cites to no authority for the contrary proposition that the ALJ *must* mention a treating physician by name.

In fact, the ALJ is not required to adhere to a specific format or use any particular language in his analysis, *Jones v. Barnhart,* 364 F.3d 501, 505 (3d Cir. 2004), and courts have acknowledged that the ALJ does not err by failing to mention a treating physician's name, *see, e.g.*, *Teeters v. Colvin*, 2015 WL 1811264, at *3 (W.D. Pa. Apr. 21, 2015).  As Judge Caracappa correctly pointed out in her R&R, the ALJ's opinion reflects that he considered the relevant medical evidence of record from Dr. Putnam in determining that Plaintiff was not disabled under the law.  Further, the ALJ's discussion of these medical records is sufficient to allow this Court to understand the factual basis for his decision.  Therefore, Plaintiff's first objection is overruled.

### b. Evaluation of medical opinion evidence

Plaintiff contends in his second objection that Judge Caracappa erroneously found that the ALJ's evaluation of medical opinions was supported by substantial evidence. Pl.'s Br. 3-7. When a conflict among medical opinions exists in the record, the ALJ may choose which opinions to credit, as long as he provides a rationale for his decision. *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 505-06 (3d Cir. 2009); *see also Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981) ("We are also cognizant that when the medical testimony or conclusions are conflicting, the ALJ is not only entitled but required to choose between them."). In his decision, the ALJ reviewed the opinions of Berkshire Psychiatric and Behavioral Health Services ("Berkshire Psychiatry") physician assistant Eric Buckwalter and licensed clinical social worker April Faust (collectively, "treating sources"): that Plaintiff had "marked" limitations in most work-related categories and that Plaintiff had a global assessment functioning ("GAF") score of 45, respectively. The ALJ then concluded that these opinions were inconsistent with the record and thus entitled to little to no probative weight. R. 31-32. The ALJ also reviewed the opinions of consultative examiner Dr. Gregory Coleman and medical expert Dr. Robert Muller[2] (collectively, "non-treating sources") and concluded they were consistent with the record and, therefore, entitled to enhanced weight. R. 30-31.

In support of his second objection, Plaintiff cites to notations in his treatment records that he was "improving" or "stable." Pl.'s Br. 3-5. Plaintiff argues that these notations were not inconsistent with the treating sources' opinions, because "improving" and "stable" were relative terms only and did not indicate that Plaintiff was asymptomatic. *Id*. However, even *if* the Court were to accept Plaintiff's argument that these particular notations reflect *relative* progress, it does

---

[2] Referred to as Dr. Mueller and Dr. Muller interchangeably throughout the record and briefing, but listed as Dr. Muller in Exhibit 16F. R. 485.

not reach the ultimate issue: whether the ALJ's conclusion that the treating sources' opinions were inconsistent with the record as a whole was supported by substantial evidence. Rather, it simply indicates that there may be some specific notations in the record that *could* support these treating sources' opinions.

After a careful review of the record, the Court agrees with Judge Caracappa's finding that the ALJ's assessment of the treating sources' opinions was indeed supported by substantial evidence. As the ALJ noted, the treating sources' opinions were inconsistent with other medical evidence of record from Berkshire Psychiatry. For instance, Mr. Buckwalter's "Medical Source Statement" indicates that Plaintiff had marked restrictions in his ability to carry out simple instructions and make judgments on simple work-related decisions. R. 449. However, Mr. Buckwalter's Medication Progress note from only one month later reflects his assessment that Plaintiff's judgment was "fair," his concentration was "normal," his decision-making capacity was "intact," and his thought process was "logical." R. 454. The Medical Source Statement also indicates that Plaintiff had marked restrictions in his ability to respond appropriately to usual work situations and to interact appropriately with co-workers. R. 450. But the same, subsequent Medication Progress Note lists Plaintiff's manner and affect as "appropriate," his mood as "calm," and his attitude as "cooperative." R. 454. Later progress notes reflect similar assessments by Mr. Buckwalter that conflict with his opinions on the Medical Source Statement. *See, e.g.*, R. 467. As to Ms. Faust's opinion assigning Plaintiff a GAF score of 45, it is likewise inconsistent with the aforementioned notes by Mr. Buckwalter, and with Mr. Buckwalter's repeated assessments of Plaintiff's GAF score as falling within the range of 51-60. *E.g.*, R. 452, 454, 478.

Plaintiff points out that his records from Berkshire Psychiatry show that periods of improvement are followed by periods of worsening symptoms.  Pl.'s Br. 3.  Judge Caracappa made the same observation, noting that the records showed Plaintiff had "good days and bad days."  R&R 20.  Yet, even the records of Plaintiff's worst days do not appear to preclude the possibility that Plaintiff could work with the limitations provided by the ALJ.  Moreover, the inconsistencies between the treating sources' opinions and the medical evidence of record extended beyond Plaintiff's records from Berkshire Psychiatry.  As the ALJ noted and Judge Caracappa found, the treating sources' opinions were also inconsistent with the medical opinions of the consultative examiner Dr. Gregory Coleman and medical expert Dr. Robert Muller, and with Plaintiff's regular activities.[3]

Presented with conflicting opinion evidence, the ALJ was permitted to credit the non-treating sources over the treating sources.  As an initial matter and as the ALJ and Judge Caracappa pointed out, while opinions from treating *physicians* may be entitled to controlling weight, physician assistants and licensed clinical social workers are not considered "acceptable medical sources" under the Regulations.  Consequently, although the ALJ may consider these opinions to determine the effect an impairment diagnosed by an "acceptable medical source" may have on a claimant's ability to work, they are not entitled to controlling weight.  20 C.F.R. § 416.913; *Yensick v. Barnhart*, 245 F. App'x 176, 181 (3d Cir. 2007); *Hartranft*, 181 F.3d at

---

[3]     Plaintiff very briefly argues that the ALJ failed to specify how Plaintiff's activities were inconsistent with the treating sources' opinions.  Pl.'s Br. 5.  Plaintiff's argument is unavailing.  The ALJ summarized Mr. Buckwalter's opinions, including that Plaintiff had marked impairment in his ability to understand, remember and carry out simple instructions.  R. 32.  Later in the same paragraph, the ALJ found that these opinions were inconsistent with Plaintiff's testimony that he could mow the grass independently and unsupervised and drive an automobile.  R. 32.  It is easily discernable from the ALJ's decision that he considered an inability to follow even simple instructions incompatible with the independent operation of an automobile or lawnmower.  The ALJ properly observed and explained that Plaintiff's own description of his regular activities conflicted with Mr. Buckwalter's opinions regarding Plaintiff's limitations.

361.  Further, the Third Circuit has stated that the opinions of state agency medical consultants merit significant consideration.  *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011).  As Judge Caracappa noted, "the ALJ is permitted to afford the opinion of a medical consultant substantial weight if it is supported by the medical evidence of record."  R&R 16 (citing 20 C.F.R. § 416.927).

The record contains substantial evidence, including records from Berkshire Psychiatry and Plaintiff's testimony regarding his activities, that supports the non-treating sources' opinions, and there is no indication that the ALJ simply "rubber-stamped" these opinions. Notably, although he afforded Dr. Coleman's opinion significant weight, the ALJ incorporated limitations into Plaintiff's Residual Functioning Capacity ("RFC") beyond what was identified in Dr. Coleman's opinion, based on the other evidence of record.  *See Chandler*, 667 F.3d at 361. After a thorough examination of the record and the ALJ's reasoning, Judge Caracappa found the ALJ's determination regarding these non-treating sources to be supported by substantial evidence.  R&R 14-17.  This Court agrees and will overrule Plaintiff's objection.

### c. Consideration of additional evidence

Plaintiff's third objection challenges Judge Caracappa's finding that the additional evidence presented to the Appeals Council, which was not before the ALJ, was not "new" and, therefore, did not warrant remand under Sentence Six of 42 U.S.C. § 405(g).[4]  Plaintiff's Br. 7-8. Plaintiff appears to object only to Judge Caracappa's determination regarding additional treatment notes from Berkshire Psychiatry, dated August 12, 2011, through March 1, 2013 (R.

---

[4]  In order to justify a remand under Sentence Six: (1) evidence must be "'new' and not merely cumulative of what is already in the record"; (2) "evidence must be 'material,'" meaning that it must be relevant and probative and there must be a "reasonable possibility that the new evidence would have changed the outcome of the [Commissioner's] determination"; and (3) "the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record."  *Szubak v. Sec'y of Health & Human Servs.*, 745 F.2d 831, 833 (3d Cir. 1984).

486-99).[5]  *Id.*  Judge Caracappa decided that this evidence did not warrant remand, because it was duplicative of that in the record and therefore not "new."  *See* R&R 19-20.  Plaintiff argues that the evidence is indeed new because it establishes that the medication Haldol was ineffective in treating Plaintiff's psychosis.  Pl.'s  Br. 7.  However, Judge Caracappa's R&R addresses Plaintiff's Haldol prescription and notes that Plaintiff's treatment records after he was prescribed Haldol were consistent with and duplicative of other records, considered by the ALJ, from before Plaintiff began taking Haldol.  R&R 19-21.  Indeed, like the evidence that was contained in the record before the ALJ, these records show that Plaintiff regularly presented during check-ins with Mr. Buckwalter as "fully oriented," "alert," and "cooperative," often demonstrating "fair" insight and judgment and at least "limited" decision-making capacity.  *E.g.*, R. 493.  And these records show that even on days that appear to be reflective of Plaintiff's "worsening" symptoms, Mr. Buckwalter assessed Plaintiff's GAF score as between 51 and 60.  *E.g.*, R. 489.  Like the medical evidence that was before the ALJ, these records do not preclude the possibility that Plaintiff retained the ability to work with the limitations outlined by the ALJ.[6]  Accordingly, Plaintiff's third objection is overruled.

### d.  Evaluation of Plaintiff's credibility

Finally, Plaintiff argues that remand is appropriate pursuant to *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981), because the ALJ was not specific in explaining which of Plaintiff's activities undermined his testimony about his subjective complaints and work-related limitations.

---

[5] In her R&R, Judge Caracappa listed two other categories of additional evidence submitted to the Appeals Council by Plaintiff: (1) a Mental Impairment Questionnaire completed by Mr. Buckwalter; and (2) a Pa. Dept. of Welfare form completed by Mr. Buckwalter.  R&R 20-21.  Judge Caracappa concluded that these documents did not warrant remand under Sentence Six because Plaintiff had failed to show good cause as to why they were not incorporated into the record before the ALJ.  *Id.*  Plaintiff does not appear to address or challenge this determination in his objections.

[6] Likewise, it does not appear to the Court that there is a reasonable probability that these records would have changed the ALJ's decision.

Pl.'s Br. 8. In *Cotter*, the court held that the ALJ's extremely abbreviated discussion of the evidence relating to the plaintiff's heart condition was inadequate and required remand. *Cotter*, 642 F.2d at 707-08. The court reasoned that the ALJ must offer a sufficient explanation for his conclusions such that the reviewing court will understand the factual basis underlying those conclusions. *Id.* at 704-05. But the ALJ in *Cotter* failed to mention *any* of the medical evidence or opinions in the record supporting the plaintiff's claim. *Id.* at 704. In fact, the entire "Evaluation of the Evidence" provided in the ALJ's opinion relating to the plaintiff's heart condition consisted of one paragraph. By contrast, here, the ALJ provided a detailed recitation of Plaintiff's activities, including but not limited to mowing his own lawn and independently driving a car. R. 29. The ALJ also detailed in his opinion Plaintiff's mental allegations, including Plaintiff's claims that his concentration, memory and understanding were impaired. R. 30. The ALJ has provided sufficient detail here to allow for meaningful review by this Court. Therefore, Plaintiff's final objection is overruled.

## IV.   CONCLUSION

The ALJ's decision is supported by substantial evidence and decided according to proper procedures; therefore, Plaintiff's objections are overruled and the R&R upholding the decision of the Commissioner to deny benefits is adopted.

An implementing Order follows.